**FILED**
**MARCH 30, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON, PRO SE, | § | |
| TDCJ-CID #1005689, | § | |
| Previous TDCJ-CID #616683, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0074 |
| | § | |
| R. TORIBIO, Capt. PHILLIPS, and | § | |
| Grievance Investigator WINDHAM | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff RICHARD JAMES JOHNSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983, Cause No. 2:07-CV-0074, complaining against multiple defendants employed by or otherwise associated with the Texas Department of Criminal Justice and was given leave to proceed in forma pauperis. By Order executed March 25, 2009, plaintiff's claims against the above-named defendants were severed from Cause No. 2:07-CV-0074 and transferred into the instant suit.

Plaintiff has accumulated more than three "strikes" under the PLRA and is barred from proceeding in forma pauperis unless he asserts facts showing he is in imminent danger of serious physical injury. Pursuant to the PLRA's "three strikes" provision, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in 18 U.S.C. § 1915(g).

The Fifth Circuit has examined the PLRA and construed it to apply to all cases pending at the time of its passage, as well as those filed afterwards. *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Id*.

Plaintiff was previously granted pauper status in cause no. 2:07-CV-0074. However, the claims contained in the instant suit were severed after a determination was made that they were improperly joined under Rules 18 and 20, Federal Rules of Civil Procedure.

"Because in forma pauperis status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F.Supp. 283, 288 (E.D.Mo. 1992). The passage of the Prison Litigation Reform Act (PLRA) was effected, in part, "to deter frivolous prisoner litigation in courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir. 1996)(quoting *Leonard v. Lacy*, 88 F.3d 181, 195 (2d Cir. 1996). Thus, the goals of section 1915 were modified by passage of the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees. *See*, 28 U.S.C. § 1915(g). It logically follows that re-evaluation of a plaintiff's pauper status is appropriate where information comes to light showing he is or has been an abusive litigant who is no longer eligible to proceed in forma pauperis.

Plaintiff's claims in this cause are that, on March 20, 2007, defendant R. TORIBIO confiscated some of his religious materials as contraband and that Capt. PHILLIPS and Grievance Investigator WINDHAM "agreed." Although it was not apparent until plaintiff filed his February 5, 2009 Amended Complaint, the grounds presented in the instant suit do not fall within

2

the statutory exception as construed by the Fifth Circuit. 28 U.S.C. 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

Plaintiff has previously utilized his three "strikes" under the PLRA and is barred from proceeding in forma pauperis in any new civil proceeding filed in federal court while a prisoner. By the instant complaint, plaintiff has not alleged facts falling within the exception defined by Title 28, United States Code, section 1915(g). No order requiring collection of a filing fee for this cause has issued.

For the reasons set forth above, to the extent the earlier grant of pauper status in Cause No. 2:07-CV-0074 can be said to apply to the claims severed into the instant cause, that grant of pauper status is RESCINDED.

The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this 30th day of March, 2009.

/s/ Mary Lou Robinson  
MARY LOU ROBINSON  
UNITED STATES DISTRICT JUDGE